## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**MICHAEL X. WHITTED,**

      Petitioner,

v.                                   Civil Action No. **3:24CV597**

**DIRECTOR DOTSON,**

      Respondent.

### MEMORANDUM OPINION

Michael X Whitted, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254.[1]  On February 28, 2025, Respondent moved to dismiss.  (ECF No. 14.)  The Court has granted Whitted multiple extensions of time to file a response.  (ECF Nos. 21, 24.)  Nevertheless, Whitted failed to file a response.  For the reasons set forth below, the Motion to Dismiss (ECF No. 14) will be GRANTED.

### I.  Whitted Fails to State an Adequate Claim for Federal Habeas Relief

Following a guilty plea, Whitted was convicted of three counts of aggravated sexual battery in the Circuit Court for the City of Fredericksburg ("Circuit Court").  In the § 2254 Petition, Whitted contends that he is entitled to relief on the following grounds:

Claim One    "The state court err[ed] when it concluded that the record, including the trial transcript, demonstrates that before accepting petitioner's guilty plea, petitioner was properly advised by the court and counsel, and petitioner failed to offer a valid reason[] why such statements to the court should not be taken back. The affidavit petitioner filed along with his reply, which was accepted and granted by the court, bears out the contrary.  Such cannot be ignored.  Nonexistent facts cannot be read into the record."  (ECF No. 1-1, at 3.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the spelling, capitalization, and footnote numbers in the quotations in the record.  The Court omits some secondary citations in the quotations from the Circuit Court's opinions.

Claim Two    "The state court was in error when it ruled that petitioner's pleas were fundamentally []fair due to the aforementioned individual and cumulative errors of counsel and that the petitioner failed to offer a valid reason why his statements made to the trial court about counsel's representation[] should be taken back. The reply and affidavit filed by the petitioner and accepted and granted by the court bears out the contrary." (*Id.* at 4.)

Whitted's claims are far from clear and are not supplemented with any adequate recitation of the relevant facts. This alone is fatal to Whitted's demand for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Whitted suggests that the two claims above are the same as the claims he raised in the state habeas proceedings. (ECF No. 1, at 7, 8.) This cannot save Whitted's inadequately articulated claims. "A petitioner 'may not simply incorporate by reference' claims and facts set forth in the state proceedings, but which are not recited in the federal petition for a writ of habeas corpus." *Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 836826, at *1 n.2 (E.D. Va. Mar. 4, 2011) (quoting *Cox v. Angelone*, 997 F. Supp. 740, 746 (E.D. Va. 1998)). "Incorporation by reference does not conform to the rules governing pleading for habeas proceedings." *Id.* (citing *Davidson v. Johnson*, No. 3:08cv406, 2008 WL 4159737, at *2 (E.D. Va. Sept. 9, 2008)). Accordingly, Claim One and Two will be DISMISSED.

Furthermore, as discussed below, even if the Court were to generously read Whitted's claims as raising a variant of those claims he pressed before the Supreme Court of Virginia, he still fails to demonstrate that he is entitled to relief. Given the federal habeas pleading requirements set forth above and the constraints upon federal habeas review discussed below, Whitted's submissions do not lend themselves to easy analysis. However, in the end, Whitted fails to demonstrate that he is entitled to any relief.

## II.  Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).  Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III.  Procedural History

In 2021, Whitted pled guilty to the aggravated sexual battery of his former girlfriend's fourteen-year-old sister in 2004 and 2005.  (*See* ECF No. 16-10, at 1–2.)  The circumstances that led to those guilty pleas so many years after the crimes were committed are somewhat convoluted. Given the restrictions imposed by 28 U.S.C. § 2254(e), it is appropriate to look to the Virgina courts' summary of those circumstances.  Specifically, the Circuit Court stated as follows:

3

> In 2004–2005, Mr. Whitted was living with his girlfriend and her family. His girlfriend had a little sister that was 14 years old - hereafter B.R. Mr. Whitted engaged in sexual relations with B.R. that resulted in her becoming pregnant. B.R. kept the pregnancy a secret and delivered the baby alone. She disposed of the baby. She plead guilty to voluntary manslaughter and child neglect and subsequently was sentenced to 20 years with all but 5 years suspended.
>
> [Many years later,] Mr. Whitted was serving time on unrelated charges when he was notified that his daughter (A.R.W.) had been sexually molested by Kaleem Rodgers. It is alleged that at the time of this offense, Mr. Rodgers was the boyfriend of B.R.(the victim of Mr. Whitted's sexual assault) and was living in the same home with Mr. Whitted's biological daughter. Mr. Whitted pressed to have the offense reported. Mr. Whitted alleges that B.R. told him if he continued to insist that A.R.W. cooperate in the investigation, she would inform the Commonwealth of his sexual assault on her.

(ECF No. 16-10, at 2.) Rodgers was eventually convicted on the rape of A.R.W. and sentenced to an active sentence of seven years of imprisonment. (*See id.*)

In October of 2020, Whitted was indicted on three counts of rape with respect to B.R. (*See id.* at 1.) On March 11, 2021, Whitted pled "guilty to amended charges of three counts of Aggravated Sexual Battery in violation of Virginia Code § 18.2-67.3. This plea was without any agreement as to the amount of time to serve." (*Id.*) Whitted further agreed that if the case had proceeded to trial, the Commonwealth would have produced evidence that in 2004 and 2005,

> the defendant dated the victim's sister. The victim lived with her sister in a town home in England Run. During the course of her sister's relationship with the defendant, the defendant repeatedly had sex with the victim. The first time it happened, the victim was 14 years old. She described the encounter where the defendant came downstairs to her room, told her to "be quiet," and forced her legs open. She didn't tell her sister about what happened in order to protect her. The sex continued to be forcible, but eventually she stopped fighting back. She disclosed that the defendant would "beat" her sister, and she was scared of him beating her. She noted details of where she was in the home during specific instances of sexual assault. She also disclosed being anally sodomized .
>
> The victim became pregnant with the defendant's child at age 14. When interviewed about a similar situation involving her niece, she finally disclosed her abuse at the hands of the defendant to a different sister, who told Detective Lawrence. Detective Lawrence followed up with the victim, and she finally disclosed to law enforcement.

> When Detective Lawrence questioned the defendant, he denied having sex
> with the victim. He advised that she was like a little sister to him. DNA determined
> him to be the father.

(ECF No. 16-20, at 1; ECF No. 16-4, at 16.)

During the course of his guilty plea proceedings, Whitted acknowledged, under oath, that

he had discussed any possible defenses to the charges, but was entering the guilty plea because he

was in fact guilty of the charges. (ECF 16-4, at 7–8.) Whitted further swore that no one had forced

him to plead guilty, or threatened him in any way to secure his guilty plea. (*Id.* at 18.)

Additionally, Whitted swore that no one had offered him any promises of leniency. (*Id.*)

At sentencing on November 15, 2021, the Circuit Court imposed an active sentence of 32

years and 8 months. (*See* ECF No. 16-10, at 1.) Whitted filed a motion to reconsider that sentence.

(*Id.*) The Circuit Court denied the motion. (*Id.* at 5.)

On February 27, 2023, Whitted filed a petition for a writ of habeas corpus with the Supreme

Court of Virginia. (ECF No. 16-19, at 1.) In rejecting that petition, the Supreme Court of Virginia

stated the following:

> In claim (A), petitioner contends he was denied the effective assistance of
> counsel because counsel failed to adequately investigate his case and neglected to
> present a defense. Petitioner specifies counsel failed to introduce evidence of prior
> statements of the victim that would have undermined her credibility and raised
> doubt as to petitioner's guilt. Petitioner alleges there is a reasonable probability the
> charges against him would have been dismissed had counsel presented this
> evidence.
>
> The Court rejects claim (A). The record, including the trial transcript,
> demonstrates that, before accepting petitioner's guilty pleas, the trial court
> conducted a thorough colloquy with petitioner wherein petitioner affirmed he
> reviewed the plea agreement with counsel; fully understood the charges against him
> and the elements of those charges; discussed with his counsel possible defenses to
> the charges; was not forced or threatened into pleading guilty; was not promised
> leniency or a particular sentence in exchange for his pleas; was pleading guilty
> voluntarily because he was, in fact, guilty; understood he was waiving his right to
> a jury trial and to confront the Commonwealth's witnesses; and was entirely
> satisfied with the services of his counsel. Petitioner failed to offer a valid reason

why he should not be bound by his representation at trial that his counsel's performance was adequate. *See Anderson v. Warden*, 222 Va. 511, 516 (1981).

In claim (B), petitioner contends he was denied the effective assistance of counsel because counsel failed to locate, interview, and subpoena an unidentified witness who would have provided testimony contradicting the victim. Petitioner alleges this witness could have disputed the victim's testimony that she was forced or coerced by petitioner and attempted to fight off petitioner. The witness also could have testified the victim was reckless as an adolescent and had many sexual partners. Petitioner alleges there is a reasonable probability the charges against him would have been dismissed had counsel presented this evidence.

The Court rejects claim (B) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. *See id.*

In claim (C), petitioner contends his pleas were fundamentally unfair due to the individual and cumulative errors of counsel. He seeks reversal of his convictions and/or that his case be remanded for a trial or other necessary proceedings.

The Court rejects claim (C) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. *See id.*

In his reply to the motion to dismiss and supporting affidavit, petitioner contends he was denied the effective assistance of counsel because counsel forced him to plead guilty even though petitioner asserted his innocence.

The Court rejects this claim because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his that his counsel's performance was adequate; that he was pleading guilty because he was, in fact, guilty; that no one forced or threatened him into pleading guilty; and that he entered his pleas voluntarily and of his own free will. *See id.*

In another portion of his reply and affidavit, petitioner contends he was denied the effective assistance of counsel because counsel told him there was an "under the table" agreement with the court and prosecutor to be lenient on sentencing if petitioner pleaded guilty.

The Court rejects this claim because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate; that he was pleading because he was, in fact, guilty; that he was not offered any promises of leniency to you in exchange for his pleas; that no one forced or threatened him into pleading guilty; and that he entered his pleas voluntarily and of his own free will. *See id.*

In another portion of his reply and affidavit, petitioner contends the trial court erred in accepting his guilty plea when the proper plea was an "Alford" plea.

The Court holds this claim is barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. *Slayton v. Parrigan*, 215 Va. 27, 29 (1974).

(ECF No. 16-9, at 1–3.)

6

## IV.  Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance."  *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).  The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Any assertion by Whitted that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue.  *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995).  Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty."  *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60).  The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty.  *See*

*id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

In his present § 2254 Petition, Whitted fails to coherently articulate any deficiency by counsel. To the extent that he attempts to replead a variant of the claims for habeas relief that he presented to the Supreme Court of Virginia, that court's rejection of his claims was eminently reasonable. 28 U.S.C. § 2254(d)(1)–(2). Whitted fails to direct the Court to any evidence, much less "clear and convincing evidence" that would allow him to avoid the binding effect of the representations he made to the Circuit Court during the course of his guilty plea. *Fields*, 956 F.2d at 1299. During those proceedings, Whitted admitted that he was pleading guilty because he was in fact guilty of three counts of aggravated sexual battery with respect to B.R. By doing so, Whitted significantly reduced his sentencing exposure. It is apparent that Whitted, nevertheless, was unhappy with the sentence he ultimately received. Given the record here, that dissatisfaction is insufficient to demonstrate deficiency or prejudice. Accordingly, Claims One and Two will be DISMISSED.

## V. Conclusion

The Motion to Dismiss (ECF No. 14) will be GRANTED. Whitted's claims will be DISMISSED because he merely states "bald legal conclusions with no supporting factual allegations." *See Sanders v. United States*, 373 U.S. 1, 19 (1963). Alternatively, to the extent that Whitted attempts to replead a variant of the claims he raised during his state habeas proceedings,

the Court finds that he is bound by his representations made during his guilty plea.  Furthermore, Whitted fails to demonstrate that counsel was deficient or that he was prejudiced.  The action will be DISMISSED.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

_____
/s/
Roderick C. Young
United States District Judge

Date:  September 11, 2025
Richmond, Virginia